IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUM U. RA'OOF, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:10-CV-3347-RWS |
| U. S. BANK, | : |
| Defendant. | : |

## ORDER

This case is before the Court for consideration of Plaintiff's Emergency Motion for Temporary and Permanent Injunctive Relief [2], Defendant's Motion to Dismiss for Failure to State a Claim, or in the alternative, Motion for a More Definite Statement [3], and Plaintiff's Motion for Summary Remand and Evidentiary Hearing [6]. After reviewing the entire record, the Court enters the following Order.

## Background of the Case

On March 31, 2008, Plaintiff executed a Note and Security Deed in favor of Capital Funding and Mortgage Group, Inc. in connection with the purchase of property located at 3700 North Goddard Road, Lithonia, Georgia (the

"Property"). On September 2, 2010, Plaintiff received a letter from Pendergast and Associates, P.C. as counsel for U.S. Bank, N.A. ("U.S. Bank") advising Plaintiff that U.S. Bank was the holder of the Note secured by the Deed to Secure Debt on the property. Plaintiff was advised that the attorneys had been employed to start foreclosure proceedings immediately. Plaintiff was provided with a Notice of Sale for the first Tuesday in October, 2010. The letter further advised that the entire balance of the Note was declared immediately due and payable. Plaintiff was further advised of an entity that could be contacted to negotiate, amend, or modify the terms of the mortgage loan.

On October 1, 2010, Plaintiff filed this action seeking to quiet title, obtain injunctive and declaratory relief, and set aside the foreclosure sale. On October 18, 2010, Defendant removed the action to this Court based on diversity of citizenship.

## **Discussion**

Motion for Summary Remand and for Evidentiary Hearing [6]

In Plaintiff's Motion for Summary Remand, Plaintiff asserts that this action should be remanded to the Superior Court of DeKalb County because he never received the proper notification of the removal. The Complaint does not

2

establish the amount in controversy in excess of $75,000, there is no federal question asserted in the Complaint, there has been no evidentiary hearing as required by law, and the superior courts have exclusive jurisdiction over the case.  Having consider all of Plaintiff's arguments, the Court finds that the case is not subject to remand.

First, the record reflects that notice of removal was provided to Plaintiff at the address he has provided in the litigation.  Pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), mailing the notice to Plaintiff's last known address satisfies the service requirement.

Defendant does not base removal on federal question jurisdiction, but relies upon diversity of citizenship.  Plaintiff does not contest that complete diversity exists in the case.  Rather, Plaintiff asserts that the Complaint does not substantiate that the amount in controversy exceeds $75,000.  The exhibits to Plaintiff's Complaint include the Notice of Sale which states that the property will be sold at public auction based on the power of sale clause contained in the Deed to Secure Debt which served as security for a $273,000 promissory note. Further, the attorney's letter attached as an exhibit to the Complaint declared the entire balance of the Promissory Note due.  The Court finds that these documents offer evidence of the value of the land in issue.  "When the

3

complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.  If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. . . .[T]he burden of proving jurisdiction lies with the removing defendant." Williams v. Best Buy Co., Inc., 269 F. 3d 1316, 1319 (11th Cir. 2001).  "In actions seeking declaratory . . .relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.  Thus, if suit is brought to quiet title to land. . .and the cloud affects the entire title, then the value of the property. . .plaintiff seeks to protect is the measure of the amount in controversy." Ehrenfeld v. Webber, 499 F. Supp. 1283, 1292-93 (D.C. Me. 1980).  The Court finds that the value of the property exceeds $75,000.  Therefore, Defendant has satisfied the amount in controversy requirement for diversity jurisdiction.

Plaintiff's demand for an evidentiary hearing is based upon 28 U.S.C. § 1446(c)(5) which governs removal of criminal proceedings.  Because this is a civil action, the requirement of an evidentiary hearing is not applicable.

4

Finally, Plaintiff correctly asserts that the superior courts have exclusive jurisdiction over cases involving title to land that are brought in the state courts of Georgia. However, federal courts have concurrent jurisdiction with the state courts for cases that are properly removed.

Based on the foregoing, the Court concludes that this action is not subject to remand, and Plaintiff's Motion [6] is **DENIED**.

U.S. Bank's Motion to Dismiss [3]

In its Motion to Dismiss, U.S. Bank asserts that Plaintiff has failed to allege basic elements of a claim against U.S. Bank as a matter of law and seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted). The United States Supreme Court has recently dispensed with the rule that a complaint may only

5

AO 72A
(Rev.8/82)

be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 S.Ct. at 1968 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 1965. The plausibility standard does not, however, impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

 It is important to note that while the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. The court does not need to "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. In light of this standard, the Court now examines the Plaintiff's Complaint to determine whether the pleading is sufficient to survive a motion to dismiss.

6

While Plaintiff sets out six (6) separate counts in the Complaint, none of the claims are supported by substantive factual allegations.  For example, in Count One seeking emergency temporary and permanent injunctive relief, the primary factual allegation is the conclusory assertion that "U.S. Bank has no legal standing to institute or maintain a foreclosure of the property."  Compl. at ¶ 28.  In Count Two, Plaintiff asserts that U.S. Bank was not a party to the original mortgage contract and has failed to demonstrate a valid assignment of the Security Deed.  However, the letter attached to the Complaint from the attorney for U.S. Bank states that the Security Deed has been assigned to U.S. Bank.  Further, in order to foreclose, U.S. Bank need only record the assignment before the foreclosure sale occurs.  The remaining counts of the Complaint are similarly lacking in factual support.

In his Response [5], Plaintiff fails to address these shortcoming in the Complaint.  Rather, Plaintiff primarily addresses the merits of the Motion to Remand in his Response.  Further, Plaintiff does not identify any additional factual allegations that would support his claims.

Based on the foregoing, U.S. Bank's Motion to Dismiss [3] is **GRANTED**.

7

Emergency Motion for Temporary and Permanent Injunctive Relief [2]

The Court having found that the Complaint is subject to dismissal, the Court concludes that Plaintiff is not entitled to temporary and permanent injunctive relief. Therefore, Plaintiff's Emergency Motion for Temporary and Permanent Injunctive Relief is **DENIED**.

## Conclusion

Based on the foregoing, Plaintiff's Motion for Summary Remand [6] is **DENIED**; Plaintiff's Emergency Motion for Temporary and Permanent Injunctive Relief [2] is **DENIED**; Defendant's Motion to Dismiss [3-1] is **GRANTED**; and Defendant's Motion for a More Definite Statement [3-2] is **DENIED, AS MOOT**.

**SO ORDERED**, this __1st__ day of December, 2010.

_____
**RICHARD W. STORY**
United States District Judge